1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STANLEY JEROME JACKSON                    No. 2:17-cv-1707 MCE CKD P
     BAILEY,
12
                    Plaintiff,
13                                             ORDER
             v.
14
     CALIFORNIA ARMY NATIONAL
15   GUARD,

16                  Defendants.

17

18          Plaintiff, a state prisoner proceeding pro se, has filed a complaint and requested leave to

19   proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this

20   court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21       I.      Application to Proceed In Forma Pauperis

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

25   1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments
                                                    1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.    Complaint

Plaintiff states that in 1974 he joined the Army National Guard and was sent for basic training where he was mentally abused by the drill instructor. (ECF No. 1 at 2.) Since then, he has suffered from PTSD and narcolepsy. (Id.) He alleges that he now has medical issues, but without his DD214, he is unable to file for his pension or disability. (Id.) He has been disabled for over thirty years and has "'mental health issues from the PTSD', HIV, Hep C, neuropathy, narcole[ps]y, chronic arthri[tis], and [he] walk[s] with a cane and walker." (Id. at 4.) Under the section addressing the exhaustion of administrative grievances, he states that he has been trying for two years to get his DD214 from Veterans Affairs of Solano County. (Id. at 3.) As relief, he requests help with his homelessness, to be able to use his GI bill for housing, back pay for his disability benefits, and help with his PTSD. (Id. at 2.)

IV.    Failure to State a Claim

It is not clear whether plaintiff is attempting to bring a claim based on the denial of benefits and mental health treatment or the failure of Veterans Affairs to provide him with the paperwork he requires. Because the grounds for the complaint are not clear, the complaint will be dismissed and plaintiff will be given an opportunity to file an amended complaint that makes clear the basis for his claims.

////

3

Plaintiff is advised that if he is trying to challenge the denial of veterans' benefits, this court does not have jurisdiction to hear those claims and the undersigned will recommend dismissal of such claims if they are contained in an amended complaint.

> [A] district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions. [Veterans for Common Sense v. Shinseki,] 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) ("First, Congress has expressly disqualified us from hearing cases related to VA benefits in [38 U.S.C.] § 511(a) . . . and second, Congress has conferred exclusive jurisdiction over such claims to the [Court of Appeals for Veterans Claims] and the Federal Circuit." (citations omitted)). Stated another way, if reviewing Plaintiffs' claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking. See id. at 1034. "Benefits" include "any payment, service, . . . or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." Id. at 1026 (citing 38 C.F.R. § 20.3(e)).

Recinto v. United States Dep't of Veterans Affairs, 706 F.3d 1171, 1175 (9th Cir. 2013) (first and second alterations added).

If plaintiff is attempting to allege that medical providers at the prison are denying him mental health and medical treatment, then he needs to identify which providers are denying him treatment and for what condition each provider denied him treatment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

With respect to plaintiff's failed attempts to obtain a copy of his DD214, it appears that he may be attempting to bring a claim for violation of the Privacy Act, 5 U.S.C. § 552a. Section 552a(d)(1) provides that "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." If

an agency refuses to comply with § 552a(d)(1), the person requesting the records may bring a civil action in the district courts and "the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A). However, plaintiff has named the California Army National Guard as the defendant, but indicates that it is Veterans Affairs that is denying his requests. If this is a claim plaintiff is trying to make, he must name the agency that is denying him copies of his records as a defendant. In order to succeed on his claim, the agency identified as a defendant must also be the agency that has custody of his records. The court notes that it appears that plaintiff may be sending his requests to the wrong agency. As a one-time courtesy, the Clerk of the Court will be directed to send plaintiff a copy of Standard Form 180 (SF 180) along with this order. Standard Form 180 is the form for requesting a copy of military records and includes the addresses for where to send the request based upon the type of records sought.

## V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains violated his rights. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

5

1    VI.    Motion for Appointment of Counsel

2         Plaintiff has also requested the appointment of counsel. (ECF No. 6.) The United States

3    Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

4    prisoners in civil cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In

5    certain exceptional circumstances, the district court may request the voluntary assistance of

6    counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

7    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8         "When determining whether 'exceptional circumstances' exist, a court must consider 'the

9    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

10   pro se in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

11   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

12   of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

13   most prisoners, such as lack of legal education and limited law library access, do not establish

14   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

15        In this case, the complaint is being dismissed with leave to amend. The court is therefore

16   unable to assess the likelihood of success on the merits or plaintiff's ability to articulate his

17   claims. The request for counsel will therefore be denied.

18   VII.   Plain Language Summary of this Order for a Pro Se Litigant

19        Your request to proceed in forma pauperis is granted and you are not required to pay the

20   entire filing fee immediately. Your request for counsel is being denied because the complaint is

21   being dismissed and you are being given a chance to file an amended complaint.

22        The complaint is dismissed with leave to amend because the facts you have alleged are not

23   enough to state a claim for relief. This court does not have authority to hear claims about the

24   denial of veterans' benefits. If you are being denied mental health or medical care at the prison,

25   you need to identify who is denying you treatment and for what condition they are denying you

26   treatment. If you are trying to bring a claim for the failure to provide you with your DD214, you

27   need to name the agency denying you the copy of your records as a defendant.

28        If you choose to amend your complaint, the first amended complaint must include all of

the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. Plaintiff's motion for appointment of counsel (ECF No. 6) is denied.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district and Standard Form 180.

Dated: January 4, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:bail1707.14.new